## Garis Liquor License

*James F. Toohey,* for Commonwealth.
*Robert S. Bailey* of *Walker, Shafer, Dornhaffer, Swick & Bailey,* for appellant.

THOMAS, *P.J.,* May 18, 1977 — The licensee is owner of a restaurant with a liquor license and obtained a Sunday sales permit under the provisions of the Liquor Code of April 12, 1951, P. L. 90, as amended, 47 P.S. §4-406 (a), which allows res-

taurant licensees whose sales of food and nonalcoholic beverages are equal to 40 percent or more of combined gross sales of both food and alcoholic beverages, to sell alcoholic beverages between certain hours on Sunday.

Apparently, the issuance of a Sunday sales permit is granted almost automatically when application is made and then the board makes a subsequent investigation to verify the sales figures submitted by the licensee.

Twin Flames is owned by Jamie L. Garis and the board investigators checked the quarterly figures covering the months of January, February and March of 1976, and found sales of food and nonalcoholic beverages equaled only 36.5 percent of the total combined food and alcohol sales. The Sunday sales permit was suspended, an appeal taken and we heard the matter de novo on March 2, 1977. We denied the appeal and sustained the suspension and fine imposed by the board. Garis has taken an appeal and we write this brief opinion for the enlightenment of the appellate court.

## DISCUSSION

The board issued a citation, scheduled a hearing and issued an opinion December 27, 1976, finding the licensee had perpetrated a fraud upon the board in obtaining a Sunday sales permit by furnishing false information regarding food and beverages and imposed a $100 fine against the licensee's liquor license and revoked the Sunday sales permit.

After hearing, it appearing that, like many small businesses, Jamie Garis relied on her accountant to prepare the forms and then merely mailed them to the board, and that the accoun-

tant's miscalculations or misinterpretations of information furnished sounded more in negligence than an attempt to submit fraudulent records, we sustained the board's ruling but found as a fact that the false information furnished the board in the application was furnished through negligence and not in any attempt to perpetrate a fraud. By supplemental order, we also sustained the $100 fine.

When the appeal was filed, we required counsel to delineate the reasons for appeal in accord with Rule of Appellate Procedure 1925 (b).

It appears there is no contest of the board and court finding that the food and nonalcoholic sales fall a few percentage points shy of the required 40 percent so we need not discuss the surrounding facts of that issue.

This appeal then addresses itself to five areas raised by the licensee (see appellant's statement of basis for appeal):

1. THERE IS NO STATUTORY OR REGULATORY AUTHORITY FOR THE BOARD OR LOWER COURT TO REVOKE A SUNDAY SALES PERMIT OR IMPOSE A FINE.

Licensee argues that neither section 406(a) of the Liquor Code, 47 P.S. §4-406(a), which permits the Sunday sales permit to be issued, nor any other section of the Liquor Code prescribes a penalty for a violation of this nature.

We reject this argument and hold that section 471, 47 P.S §4-471, is sufficiently broad to give the board the power to revoke a Sunday sales permit issued under section 406. While section 471 does not refer specifically to Sunday sales permits, it clearly states that "any violation of this act or any laws of this Commonwealth relating to liquor . . .

or of any regulations of the board" gives the board the right to cite, hold hearings and suspend or revoke or impose a fine.

2. LICENSEE NEXT CONTENDS THAT BECAUSE NO SPECIFIC SECTION OF THE CODE WAS CITED IN THE CITATION SHE WAS DEPRIVED OF SUFFICIENT NOTICE OF EXACTLY HOW THE CODE WAS VIOLATED AND WAS PREVENTED FROM PREPARING AN ADEQUATE DEFENSE.

We reject this posture. The citation (Exhibit 4) clearly informs the licensee that the allegations were the furnishing of false information regarding sales of food and beverages. Further, the testimony shows that the auditors informed Garis on the scene of the problems they were encountering in trying to reach the 40 percent figure. After discussion and accepting some adjustments suggested by Garis, they refigured the percentage but still came up short of the magical 40 percent.

3. THE LICENSEE CONTENDS THAT THE BOARD'S ORDER OF REVOCATION *AND* $100 FINE WAS ILLEGAL SINCE SECTION 471 ONLY ALLOWS A SUSPENSION OR REVOCATION OF THE LICENSE *OR* A FINE.

A strict reading could be thus interpreted. However, we believe the position of the board and the court is justifiable. We are here dealing with two distinct licenses (although one is called a permit) — the liquor license issued to the licensee and the Sunday sales permit. The fine of $100 was imposed against the restaurant liquor license and the revocation applied against the Sunday sales permit.

4. LICENSEE ARGUES THAT THE FALSE REPORTS WERE NOT A FACT FITTING ANY

OF THE CRITERIA SET FORTH IN THE FIRST SENTENCE OF SECTION 471 FOR FINDING A VIOLATION.

This allegation lacks merit and totally ignores the general catchall provision of section 471 that allows the imposition of appropriate penalties "upon any other cause shown . . ."

5. LICENSEE ARGUES AGAIN THAT SECTION 471 ONLY APPLIES TO THE REVOCATION OR SUSPENSION OF LIQUOR LICENSES AND SINCE NO MENTION IS MADE OF SUNDAY SALES PERMIT REVOCATION, NO REVOCATION CAN BE MADE UNDER THIS SECTION OF THE SUNDAY SALES PERMIT.

We addressed this argument under point 1. We believe the licensee has an equitable argument. It seems illogical to bar reapplication for a Sunday sales permit until the passage of three years as mandated for license revocations in this section. It does seem inequitable to bar the licensee from applying for another Sunday sales permit because of a negligent report on three months of operation that missed the magical 40 percent by just 3.5 percent.

Having found the power of the board and court to revoke a Sunday sales permit under section 471, we are not here called upon to establish the length of that revocation. If licensee wishes to test the equitable discretionary powers of the board, she can apply for a new Sunday sales permit after a reasonable time and if the same is refused because of the three year limit under section 471, test the matter of the length of the revocation in future litigation.